# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

DAN STADELMAN, )
)
    Plaintiff )
) **Case No.:**
  v. )
) **COMPLAINT AND DEMAND FOR**
ALLIED INTERSTATE LLC f/k/a ) **JURY TRIAL**
ALLIED INTERSTATE, INC., )
) **(Unlawful Debt Collection Practices)**

## COMPLAINT

DAN STADELMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Lawrence, Massachusetts 01841.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 655 Madison Avenue, 27th Floor, New York, NY 10017.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in its attempts to collect consumer debts of other persons.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times, Defendant was attempting to collect consumer debts of other persons.

12.     Upon information and belief, the alleged debts at issue arose out of transactions, which were primarily for personal, family, or household purposes.

13.     Beginning in or before September 2013, Defendant made continuous and repetitive calls to Plaintiff on his home phone.

14.     Plaintiff does not owe the debt Defendant was attempting to collect.

15.     Instead, the debts Defendant was attempting to collect allegedly were owed by "Jennifer and Solomon Karim" and "Linda."

16.     Plaintiff often would receive calls from Defendant and immediately hang-up.

17.     After calls persisted, and wishing to stop the collection calls, on September 20, 2013, Plaintiff answered the phone and spoke with one of Defendant's collectors, who identified herself as "Tiffany."

18.     "Tiffany" falsely stated that Plaintiff's home telephone number had been provided as a secondary contact number for a "Jennifer and Solomon Karim."

19. Upon information and belief, Defendant performed a skip trace and obtained Plaintiff's home telephone number.

20. Plaintiff's home telephone number has never been a contact number for "Jennifer and Solomon Karim," and "Jennifer and Solomon Karim" have never resided in the Commonwealth of Massachusetts or at Plaintiff's residence.

21. Then, "Tiffany" inquired whether she could speak with "Linda."

22. Plaintiff informed Defendant that the number it was calling was not a good number for "Linda" and to remove his number from their call list.

23. "Linda" is Plaintiff's ex-wife.

24. "Tiffany," however, would not agree to remove Plaintiff's number, insisting it was "a good number for, Linda."

25. When making this false statement, Defendant had no information to contradict Plaintiff's statement that it was calling the wrong number.

26. While on the phone with "Tiffany," Plaintiff looked up Defendant's name and realized that it was a debt collector calling.

27. When he asked "Tiffany" if she was calling from a debt collection company, "Tiffany" responded that "this is personal business matter for the debtors."

28. Knowing that he was being called by a debt collector and frustrated by "Tiffany's" insistence that she would keep calling his home telephone number, Plaintiff demanded to speak with a supervisor.

29. After much arguing, Plaintiff was finally transferred to a supervisor.

30. The supervisor claimed that he would remove Plaintiff's phone number from its database.

31. Upon information and belief, Defendant did not remove his phone number from its database; instead, Defendant continued to call Plaintiff in its attempts to collect consumer debts of other persons.

32. On or about September 27, 2013, Defendant called Plaintiff's home telephone number.

33. This time, Plaintiff's minor daughter answered the phone.

34. Defendant's collector, who identified herself as "Tiffany," asked to speak with "Jen."

35. Plaintiff's minor daughter, believing that she has to answer "Tiffany's questions," informed her that "Jen" did not live at the called number.

36. Then, "Tiffany" asked to speak with "Solomon."

37. Plaintiff's minor daughter responded that "Solomon" did not live at the called number.

38. Then, "Tiffany" asked if she could have a phone number for "Linda," which Plaintiff's minor daughter provided, as she believed she had to answer all of "Tiffany's" questions.

39. When Plaintiff learned about "Tiffany's" conversation with his daughter, he contacted Defendant and demanded to speak with a supervisor.

40. Defendant's collector refused to put a supervisor on the phone, and after placing Plaintiff on an indefinite hold, it hung up on him.

41. Enraged by Defendant's conduct, Plaintiff retained legal counsel to stop the collection calls.

42. While in the process of retaining counsel, Defendant again contacted Plaintiff.

43. This time Defendant claimed it was calling for "Christina."

44. "Christina" does not reside with Plaintiff and does not use Plaintiff's home telephone number as a contact number.

45. In fact, Plaintiff has not had any contact with "Christina" for more than ten (10) years.

46. When he asked the collector where it got his number, the collector replied that he did not know where the telephone number came from.

47. Defendant contacted Plaintiff for the sole purpose of harassing, abusing and annoying Plaintiff, as evidenced by the above recital of its conduct.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

48. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

    a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

    b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff more than once about another person's debt, despite his repeated requests to stop calling him.

## COUNT II

49. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it called Plaintiff multiple times about debts of other persons, despite knowing it was calling the wrong person and calling Plaintiff's number when they did not know why they were calling his number.

## COUNT III

50.   Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e and 1692e(10).

    a.    A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b.    Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    c.    Defendant violated §§ 1692e and 1692e(10) of the FDCPA by

falsely claiming that it got his number as a secondary contact number on an application completed by the alleged debtors as well as misleading his minor daughter into providing contact information for "Linda" when Plaintiff had refused to provide that information and instructing Defendant to stop calling.

## COUNT IV

51. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a.    A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to avoid the further placement of calls to Plaintiff, despite having been told by Plaintiff that he is not the person that they are seeking to contact, that the people they are trying to contact do not live with him, and to stop calling him, as well as engaging his minor daughter in conversation and obtaining information from her by withholding the purpose of the call.

WHEREFORE, Plaintiff, DAN STADELMAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    **d.** Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAN STADELMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 11, 2013    KIMMEL & SILVERMAN, P.C.

    By: /s/ Craig Thor Kimmel
        Craig Thor Kimmel
        BBO# 662924
        Kimmel & Silverman, P.C.
        30 E. Butler Pike
        Ambler, PA 19002
        Phone: (215) 540-8888
        Fax: (877) 788-2864
        Email: kimmel@creditlaw.com